**James A. WALKER**

**v.**

**CALIFORNIA STATE BOARD OF TRUSTEES et al.**

Civ. A. No. 72–224.

United States District Court,
W. D. Pennsylvania.

Dec. 1, 1972.

Savage, Finkel & Love, Pittsburgh, Pa., for plaintiff.

Frederick N. Frank, Asst. Atty. Gen., J. Shane Creamer, Atty. Gen., Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a civil rights proceeding filed pursuant to 28 U.S.C.A. § 1331 and 42 U.S.C.A. §§ 1983 and 1985. The issue presented is whether defendants, in discharging plaintiff from his position as Professor of English at California State College without a hearing and without giving him any reasons, violated his constitutional rights. The Court must conclude, after a full and complete trial and consideration of the briefs and argument of counsel, that there has been no violation of plaintiff's rights.

The facts may be briefly stated. Dr. Walker assumed his duties with the rank of Professor effective September 1, 1967, and remained in that capacity until his employment was terminated on September 18, 1970. At the heart of this problem is the question of whether or not plaintiff was a tenured employee —i. e., whether he had the status of continuous employment. Needless to say, there is conflicting evidence regarding Dr. Walker's tenure status. He contends that a letter from the late Michael Duda, president of the college, sustains his argument that he was granted tenure when he was initially hired. The last line of this letter, dated April 17, 1967, states, "It is our sincere hope that your tenure with us will be happy and fruitful." At first blush, this might be construed as granting tenure. The Court finds this unconvincing, however, and concludes that the statement, when read in proper perspective and in context, meant to convey nothing more than

a welcome and a hope that plaintiff's employment would be rewarding. This is a more realistic interpretation when it is considered that the precise words were contained in a letter, dated April 4, 1967, to Dr. Phillip F. Coleman, who was not granted tenure until April 1, 1970. In other words, the expression under scrutiny here was a matter of form rather than substance. Moreover, the Faculty Manual, which was made available to Dr. Walker, explained in writing that new faculty members were hired on a year-to-year basis with a probationary period to last a minimum of three years and a maximum of five years. Eligibility for tenure could thus be achieved no sooner than three years. As a faculty member new to the institution, Dr. Walker was subject to the policy herein outlined. It should be noted in this connection that the Court gives no weight to a self-serving memorandum from plaintiff to President Duda, dated March 1, 1967, to the effect that the position applied for was to carry with it tenure; the memorandum is dated much before any formal job offer was extended. Dr. Walker also contends that in actuality his employment was for five academic years since he taught nine trimesters during the calendar period in question. This likewise is unconvincing in view of the Faculty Manual definition of a regular college year as consisting of 36 weeks, September to May, inclusive. In view of the policy summarized here, there is no basis to conclude that tenure was automatic after three years, and even assuming arguendo that tenure was automatic, there is no reasonable basis to conclude that plaintiff had worked more than the three years that would be required to confer such tenure. No evidence has been presented which sufficiently establishes that a de facto tenure policy existed at California State College. In view of the clearly delineated policy regarding tenure and the fact that plaintiff was timely and properly notified well in advance of his termination date that his contract would not be renewed for a fourth academic year, the Court must conclude that plaintiff had neither tenure nor an expectancy of tenure arising from a de facto tenure policy.

Since plaintiff had neither tenure nor an expectancy of tenure, there was no constitutional right to a hearing or to specific reasons for the dismissal unless there was a substantial denial of liberty or property rights. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry et al. v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). As the Supreme Court points out, the concept of liberty is broad and denotes among other things, "the right of the individual . . . to engage in any of the common occupations of life . . . ." Roth, supra, 408 U.S. at 572, 92 S.Ct. at 2707. Here as in Roth the state college in refusing to renew plaintiff's contract did not accuse him of anything which would impugn his standing and associations in his community —he was not charged with any impropriety or immorality requiring refutation, and plaintiff was not stigmatized in such a way that other employment opportunities were barred to him. Roth, supra, 408 U.S. at 573, 92 S.Ct. 2701. Indeed, Dr. Walker was hired by the State, albeit in a totally different capacity, subsequent to his termination as a professor. As with the concept of liberty, the concept of property takes many forms. In the frame of reference with which we are presently concerned, plaintiff's property interest is his employment and the limits of this interest are defined by the terms of his appointment. Roth, supra. As previously noted, Dr. Walker was a probationary employee hired on a year-to-year basis. As set forth in the Faculty Manual, he was specifically entitled to sixty days notice of termination and this was more than adequately observed.[1] In view of the foregoing, it is impossible to conclude that

1. Plaintiff received written notification that his contract for the 1970–71 academic year would not be renewed on April 11, 1969, and again on February 9, 1970.

any of plaintiff's constitutional rights were violated when he was discharged without being given any reason or hearing. Accordingly, this action should be dismissed.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.